# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-07110 JAK (JCGx) | Date | September 7, 2012 |
| Title | Timothy Rhys v. Moviemaker Acquisition, LLC, et al. | | |

Present: The Honorable  JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

In his Complaint, Dkt. 1, Plaintiff Timothy Rhys brings four state law claims against Defendants Moviemaker Acquisition, LLC, and John McNulty: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) and nonpayment of wages in violation of California Labor Code § 201.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Plaintiff seeks to invoke the subject matter jurisdiction of this Court under 28 U.S.C. § 1332 (diversity jurisdiction).

Diversity jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). An LLC is a citizen of all states of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).

Plaintiff alleges that the amount in controversy exceeds $75,000. Compl., p.10. Plaintiff alleges that he is resident of California, Compl. ¶ 4, and that Defendant McNulty is resident of Illinois, *id.* at ¶ 5. However, this is insufficient to establish the citizenship of these parties, because "the diversity jurisdiction statute . . . speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Thus, Plaintiff must plead the citizenship, and not merely the residency, of the individual parties. Additionally, Plaintiff pleads that Defendant Moviemaker Acquisition, LLC "is a limited liability company organized under the State of Delaware," Compl. ¶ 5, and that it does business in various states, *id.* However, Plaintiff has not adequately pleaded the citizenship of Moviemaker Acquisition, LLC, because he has not pleaded the citizenship of its members. Accordingly, Plaintiff has not adequately established that complete diversity exists.

The party seeking to invoke the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Here, because Plaintiff has not properly pleaded the citizenship of any party, he has not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-07110 JAK (JCGx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | Timothy Rhys v. Moviemaker Acquisition, LLC, et al. | | |

established diversity jurisdiction. Accordingly, the Court issues this Order to Show Cause re Subject Matter Jurisdiction. On or before **September 21, 2012**, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is necessary or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

                                                                              : 

Initials of Preparer   ak